IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 22, 2025 Session

## JAMES DAVID DUNCAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Anderson County**
**No. B8C00515          Ryan M. Spitzer, Judge**

———————————————————

**No. E2024-00456-CCA-R3-PC**

———————————————————

In January 2019, the Petitioner, James David Duncan, pled guilty to possession with the intent to sell .5 grams or more of methamphetamine. The trial court sentenced the Petitioner to serve ten years and placed him on supervised probation. In January 2020, the trial court revoked the Petitioner's probation sentence. On appeal, this court affirmed the revocation. *State v. Duncan*, No. E2020-00827-CCA-R3-CD, 2021 WL 3403152, at * 1 (Tenn. Crim. App. Aug. 4, 2021), *perm. app. denied* (Tenn. Nov. 17, 2021). In December 2021, the Petitioner filed a *pro se* petition for post-conviction relief that was amended with the assistance of counsel in July 2023. Following an evidentiary hearing, the trial court concluded that the Petitioner's petition for post-conviction relief was barred by the statute of limitations. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J. and KYLE A. HIXSON, J., joined.

Dillon E. Zinser, Knoxville, Tennessee, for the appellant, James David Duncan.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; David S. Clark, District Attorney General; and Sarah Keith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

On January 14, 2019, the Petitioner pled guilty to possession with the intent to sell .5 grams or more of methamphetamine. The Petitioner was sentenced to ten years in the Tennessee Department of Correction ("TDOC"), suspended to supervised probation. The Petitioner did not appeal this conviction. On January 27, 2020, the Petitioner's probation

sentence was revoked, and the trial court ordered the Petitioner to serve his sentence in custody. On June 12, 2020, the Petitioner filed a *pro se* appeal of the revocation of his probation sentence that was later amended by appointed counsel. This court affirmed the revocation. *Duncan*, 2021 WL 3403152, at * 1.

On December 30, 2021, the Petitioner filed a *pro se* petition for post-conviction relief alleging, among other things, that he had received the ineffective assistance of counsel related to his guilty plea. The post-conviction court appointed him an attorney, and the newly appointed attorney filed an amended petition on July 28, 2023.

The post-conviction court held a hearing on the petition. At the beginning of the hearing, the post-conviction court recited the timeline relevant to the Petitioner's case, noting that, because he had not filed an appeal of his conviction, the Petitioner's judgment became final on February 13, 2019. The State agreed and post-conviction counsel conceded that the Petitioner's violation of probation would not toll the underlying charges for purposes of the Post-Conviction Act. Post-conviction counsel asserted, however, that there were facts to support a tolling of the statute of limitations.

The fifty-five-year-old Petitioner testified that he had completed school through the eleventh grade and had no "specialized legal knowledge." At the time of his January 2019 guilty plea hearing, he was represented by an attorney ("Counsel 1"). The Petitioner explained that he entered a guilty plea because Counsel 1 told him that "if [he] didn't [he] was going to prison for a long time." After pleading guilty, the Petitioner was immediately released from custody. Three days later, he was arrested for a Morgan County warrant. He remained in custody for the Morgan County warrant for ninety days before being released. After his release, he called Counsel 1, but Counsel 1 never returned the call.

Thereafter, the Petitioner was arrested for violation of his probation sentence. The trial court appointed an attorney (Counsel 2), and, upon meeting Counsel 2, the Petitioner requested that a post-conviction petition be filed "on" Counsel 1. The Petitioner estimated that this meeting with Counsel 2 occurred in July, August, or September of 2019. In January 2020, the Petitioner's probation sentence was revoked, and he was transferred to TDOC custody. Although the Petitioner had no contact with Counsel 2 following the revocation, he still believed that Counsel 2 had filed a petition for post-conviction relief on his behalf.

At some point, the Petitioner called Counsel 2 and "left a message." Counsel 2 "didn't answer" his call, but four days later the Petitioner received a letter from Counsel 2 indicating that Counsel 2 no longer represented the Petitioner and that his case had been closed. The Petitioner sent Counsel 2's letter to the appellate court. According to the Petitioner, the appellate court's response indicated that Counsel 2 did not have permission

2

to withdraw. Thereafter, Counsel 2 filed a motion to withdraw, and the trial court appointed another attorney ("Counsel 3").

The Petitioner met with Counsel 3 and asked about "the status of the petition against [his] trial attorney." Counsel 3 did not know about the petition but agreed to investigate the matter. Counsel 3 informed the Petitioner that he would file an appeal of the violation of probation. The appellate court affirmed the revocation of the Petitioner's probation sentence and a subsequent Rule 11 application to the Tennessee Supreme Court was denied.

Although unclear about which attorneys the Petitioner was referencing, the Petitioner testified that he "filed a petition with the Board of Professional Responsibility on both of them because neither one of them acted like they was listening to me." According to the Petitioner, this "petition" was also denied. After the denial of the Rule 11 application, Counsel 3 sent the Petitioner a letter on January 8, 2022, summarizing what had occurred with respect to the Petitioner's appeal and notifying the Petitioner of the possibility of a "collateral attack" of the violation of probation judgment. The letter indicated that Counsel 3 had been appointed only for the direct appeal and that his representation had ended.

The Petitioner testified that it was not until receipt of Counsel 3's letter to him that he realized that a post-conviction petition had never been filed. According to the Petitioner, "a couple of months" later, he filed the *pro se* post-conviction petition. The petition is included in the record and reflects that the petition was filed on December 30, 2021. After filing the petition, the post-conviction court appointed an attorney ("Counsel 4"). The Petitioner recalled that Counsel 4 wrote to him one time and that was the only communication he had with Counsel 4. Despite this scant communication, the Petitioner believed that Counsel 4 was working on a post-conviction petition. Thereafter, the Petitioner "got" another attorney, post-conviction counsel, who filed the amended petition in this case.

On cross-examination, the Petitioner testified that his probation sentence was revoked in July, approximately six months after he pled guilty. The Petitioner clarified that he was in custody in Morgan County for three months of that time. He agreed that his probation was revoked because he failed to notify his probation officer of his new address and that he was moving outside the county.

After hearing this evidence and the argument of counsel, the post-conviction court made the following findings:

3

[U]ltimately this case is decided by the timeline and the undisputed timeline. And the [Petitioner] pled guilty on or about January 14, 2019. His judgment became final February 13, 2019. He didn't get his probation revoked until January 27, 2020, which was sixteen days before the statute of limitations ran, roughly, on or about February 13, 2020.

The Court finds that even considering the due process exception for *Whitehead* in tolling, that this [Petitioner] did not make an adequate effort to preserve his rights given the running of the time before his revocation on his violation of probation. He was out in somebody else's jail or wherever before he got picked up on his VOP, which by his own testimony was sometime roughly in, he testified, July, August or September, somewhere in that timeframe. He pled back in January. He had nearly six months out of custody or in custody in Morgan County or elsewhere to pursue his PCR claim if he wanted to do that. And it wasn't until he was in custody on a VOP facing revocation that he now claims he was asking for a PCR petition against [Counsel 1] by [Counsel 2].

The Court finds that that testimony, for one thing, is remarkably self serving now to say that long after the fact that he asked for all of that way back when. The clearer interpretation of the facts is that his issue was after he got revoked to serve to then try to appeal that and set that aside. And when that was unsuccessful to then file a PCR and try to come back and attack the original plea. And there is no indication that [the Petitioner] was trying to establish a PCR claim before he came into custody on the VOP. And there is no documentation or testimony from [Counsel 2] to support his uncorroborated testimony that he was trying to do this PCR claim back when he was in custody on the violation of probation. So the Court is not persuaded by [the Petitioner]'s testimony that he was diligently pursuing his rights to seek a PCR claim on the original plea back when he was in custody on the violation of probation. And for that reason the Court would find that *Whitehead* does not apply. That [the Petitioner's] PCR claim is barred by the statute of limitations.

It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner asserts that he is entitled to an equitable tolling of the post-conviction statute of limitations. The State responds that the Petitioner has failed to show that he is entitled to a due process tolling of the statute of limitations. We agree with the State.

4

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a) (2018). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." *Id*. "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." T.C.A. § 40-30-106(b) (2018). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." T.C.A. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Tennessee courts have also recognized that, in certain circumstances, strict application of the statute of limitations would deny a petitioner the reasonable opportunity to bring a post-conviction claim and that, in these instances, due process requires the tolling of the statute of limitations.

In *Whitehead v. State*, our supreme court discussed due process in a post-conviction context. The court identified three scenarios in which due process requires tolling the post-conviction statute of limitations. 402 S.W.3d 615, 623-24 (Tenn. 2013); *see also Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Whitehead*, 402 S.W.3d at 623. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id*. at 624. Neither of these two instances applies to the case presently before us.

The third exception, however, is when attorney misconduct necessitates the tolling of the statute of limitations. *Id*. Elaborating on this third exception, our supreme court concluded that a petition for post-conviction relief is entitled to due process tolling of the statute of limitations based upon the conduct of the petitioner's attorney when (1) the petitioner had been diligently pursuing his or her rights and (2) extraordinary circumstances prevented the timely filing of the petition. *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The court clarified that "pursuing his or her rights diligently" did "not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts" to pursue the claim. *Id*. (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted). The second prong is met when a petitioner's attorney of record abandons the petitioner or acts in a way directly adverse to the petitioner's interests, such as by actively lying or otherwise misleading the petitioner to believe things about his or her case that are not true. *Id*. (citations omitted). "[T]he Petitioner bears the burden of pleading and proving that the statute of limitations should be tolled on due process grounds." *Anderson v. State*, 692 S.W.3d 94, 104 (Tenn. Crim. App. 2023); *See also,* Tenn. Sup. Ct. R. 28 § 5(F) (4) ("A petition may be dismissed without a hearing if it . . . does not state the reasons that the claim is not barred by the statute of limitations[.]").

Counsel in *Whitehead* erroneously advised the petitioner of the deadline for filing a *pro se* post-conviction petition and failed to deliver promptly to the petitioner the litigation files necessary to prepare the petition. 402 S.W.3d at 632-33. The court held that the combination of these circumstances prevented the petitioner from filing a timely post-conviction petition and required due process tolling of the statute of limitations. *Id*. However, the court emphasized that due process tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 631-32 (internal quotation omitted).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of February 13, 2019, the date of the final action of the highest state appellate court to which an appeal was taken. *See* T.C.A. § 40-30-102(a). As no direct appeal was filed in this case, his judgment became final on February 13, 2019, meaning his post-conviction petition had to be filed on or before February 13, 2020 to be timely. The Petitioner filed his petition on December 30, 2021. This filing occurred more than one year after the Petitioner's judgment became final and thus was barred by the statute of limitations.

The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has failed to show that he diligently pursued his case and that Counsel 1 or Counsel 2 abandoned the Petitioner's case or actively lied or deceived the Petitioner. At the hearing, the Petitioner provided no evidence beyond his own statements to support his claims. Therefore, due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE